Eric S. Pennington (ESP-4416)
Eric S. Pennington, P.C.
One Gateway Center, Suite 105
Newark, New Jersey 07102
Attorneys for Defendants

09-6331(PGS)

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JACOB'S LIMOUSINE TRANSPORTATION, INC., <br><br> Plaintiff, <br><br> vs. <br><br> CITY OF NEWARK; CITY CLERK OF THE CITY OF NEWARK, in his official capacity, TAXICAB AND LIMOUSINE COMMISSION OF THE CITY OF NEWARK, TAXICAB DIVISION OF THE CITY OF NEWARK, and MANAGER OF THE CITY OF NEWARK, in his official capacity, and CITY CLERK OF THE CITY OF NEWARK, in his official capacity, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY ESSEX COUNTY LAW DIVISION <br><br> DOCKET NO. ESX-L-7321-09 <br><br> CIVIL ACTION <br><br> **NOTICE OF REMOVAL** |

TO:     The Judges of the United States District
        Court for the District of New Jersey

The TAXICAB AND LIMOUSINE COMMISSION OF THE CITY OF

NEWARK, TAXICAB DIVISION OF THE CITY OF NEWARK, and MANAGER OF THE

CITY OF NEWARK, in his official capacity (the "Defendants") named as defendants herein

file this Notice to Remove this action from the Superior Court of New Jersey, Law Division,

Essex County, to the United States District Court for the District of New Jersey, and

respectfully represents as follows:

1.      On or about September 15, 2009, plaintiff filed a Complaint in the Superior Court of New Jersey, Law Division, Essex County, against the City of Newark and others asserting, *inter alia*, a federal claim under the Civil Rights Act 42 U.S.C. § 1983, and the United States Constitution.  A copy of this Complaint is attached hereto and made a part hereof as Exhibit A.

2.      The City of Newark first received a copy of the initial pleading in this action on or about October 26, 2009, when the Complaint was delivered at the City of Newark's City Clerk Department, in Newark, New Jersey.  Our office represents the named Defendants in this matter; however, proper service has not yet been properly effected on the Taxicab and Limousine Commission of the City of Newark, Taxicab Division of the City of Newark, and Manager of the City of Newark.

3.      As of this date, no defendant has filed a responsive pleading in the action commenced by plaintiff in the Superior Court of New Jersey, Law Division, Essex County, and no other proceedings have transpired in that action.

4.      Defendants seek removal of this action pursuant to 28 U.S.C. § 1441(b) on the grounds that plaintiff's Complaint asserts a federal claim under the Civil Rights Act 42 U.S.C. § 1983.  The District Court has jurisdiction over these claims under 28 U.S.C. § 1331.

**WHEREFORE,** defendants Taxicab and Limousine Commission of the City of Newark, Taxicab Division of the City of Newark, and Manager of the City of Newark pray that the above-captioned matter, now pending against them in the Superior Court of New Jersey, Law Division, Essex County, be removed therefrom to the United States District Court for the District of New Jersey.

Eric S. Pennington, P.C.
Attorneys for Defendant

By: _____
                Darryl Austin

Dated:    December 14, 2009

## CERTIFICATE OF SERVICE

I hereby certify that on this day I caused to be served by overnight mail a copy of the

within Notice of Removal as well as a Notice of Filing Notice of Removal, pursuant to 28

U.S.C. § 1446, upon:

Jeffrey Kantowitz, Esq.
Day Pitney LLP
P.O. Box 1945
Morristown, New Jersey 07962

Clerk, Essex County
Civil Customer Service
Hall of Records, Room 201
465 Dr. Martin Luther King Blvd.
Newark, NJ 07102

Eric S. Pennington, P.C.
Attorneys for Defendant

By: _____
                Darryl Austin

Dated:    December 14, 2009

For appropriate action and follow up
Original to Corporation Counsel
Copy to file

-DAY PITNEY LLP

MAIL TO) P.O. BOX 1945, MORRISTOWN, N.J 07962-1945
DELIVERY TO) 200 CAMPUS DRIVE, FLORHAM PARK, N.J. 07932-0950
(973) 966-6300

ATTORNEYS FOR Plaintiff Jacob's Limousine Transportation, Inc.

JACOB'S LIMOUSINE TRANSPORTATION, INC.,

Plaintiff,

v.

CITY OF NEWARK, et al.

Defendant.

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION: ESSEX COUNTY
DOCKET NO  ESX-7321-09

Civil Action

**SUMMONS**

*From The State of New Jersey*
*To The Defendant Name Above: CITY CLERK OF THE CITY OF NEWARK*

 *The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, CN-971, Trenton, NJ 08625. A $135.00 filing fee payable to the Treasurer, State of New Jersey, and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee and completed Case Information Statement) if you want the court to hear your defense.*

 *If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.*

 *If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.*

          Jennifer M. Perez
          Jennifer M. Perez,
        Acting Clerk of the Superior Court

*DATED: September 23, 2009*

*Name of Defendant to be Served: CITY CLERK OF THE CITY OF NEWARK*
*Address of Defendant to be Served: City Hall, 920 Broad St., Room 306, Newark, NJ 07030*

8320.6382 v1b03.2009

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl
Atlantic City, NJ 08401
LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Case Processing Section, Room 119
Justice Center, 10 Main St
Hackensack, NJ 07601-0769
LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl, Courts Facility
49 Rancocas Road
Mt. Holly, NJ 08060
LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(609) 261-1088

**CAMDEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Processing Office
1st Fl, Hall of Records
101 S. Fifth Street
Camden NJ 08103
LAWYER REFERRAL
(609) 964-4520
LEGAL SERVICES
(609) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
9 N. Main Street
Box DN-209
Cape May Court House, NJ 08210
LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Broad & Fayette Sts
P.O. Box 615
Bridgeton, NJ 08302
LAWYER REFERRAL
(609) 692-6207
LEGAL SERVICES
(609) 451-0003

**ESSEX COUNTY:**
Deputy Clerk of the Superior Court
237 Hall of Records
465 Dr. Martin Luther King, Jr. Blvd
Newark, NJ 07102
LAWYER REFERRAL
(973) 622-6207
LEGAL SERVICES
(973) 624-4500

**GLOUCESTER COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
First Fl, Court House
1 North Broad Street, P.O. Box 129
Woodbury, NJ 08096
LAWYER REFERRAL
(609) 848-4589
LEGAL SERVICES
(609) 848-5360

**HUDSON COUNTY:**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept
Brennan Court House - 1st Floor
583 Newark Ave.
Jersey City, NJ 07306
LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08862
LAWYER REFERRAL
(908) 735-2611
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY:**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 South Broad St., P.O. Box 8068
Trenton, NJ 08650
LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior Court
Administration Building
Third Floor
1 Kennedy Sq., P.O. Box 2633
New Brunswick, NJ 08903-2633
LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600

**MONMOUTH COUNTY:**
Deputy Clerk of the Superior Court
71 Monument Park
P.O. Box 1262
Court House, East Wing
Freehold, NJ 07728-1262
LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
30 Schuyler PL, P.O. Box 910
Morristown, NJ 07960-0910
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk of the Superior Court
Court House Room 119
118 Washington Street
Toms River, NJ 08754
LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton St
Paterson, NJ 07505
LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 345-7171

**SALEM COUNTY:**
Deputy Clerk of the Superior Court
92 Market St., P.O. Box 18
Salem, NJ 08079
LAWYER REFERRAL
(609) 935-5629
LEGAL SERVICES
(609) 964-2010

**SOMERSET COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
New Court House, 3rd Fl
P.O. Box 3000
Somerville, NJ 08876
LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High St
Newton, NJ 07860
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY:**
Deputy Clerk of the Superior Court
1st Fl, Court House
2 Broad Street
Elizabeth, NJ 07207-6073
LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
Court House
Belvidere, NJ 07823-1500
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(908) 475-2010

ESSEX COUNTY
SUPERIOR COURT OF NJ
465 MARTIN LUTHER KING JR BLVD
NEWARK         NJ 07102

COURT RULES                                   TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (973) 693-6644

DATE:    SEPTEMBER 14, 2009
RE:      JACOBS LIMOUSINE TRANSPORTATION VS CITY OF NEWARK
DOCKET:  ESX L 006312 09

THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.

DISCOVERY IS 450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

THE PRETRIAL JUDGE ASSIGNED IS:  HON MICHAEL J. NELSON

IF YOU HAVE ANY QUESTIONS, CONTACT TEAM      001
AT:  (973) 693-6544 EXT 6468.

IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH R.4:5A-2.

ATTENTION:
                        ATT: JEFFREY KANTOWITZ
                        DAY PITNEY LLP
                        PO BOX 1945
                        MORRISTOWN        NJ 07962-1945

JULCV

DAY PITNEY LLP
(MAIL TO) P.O. BOX 1945 MORRISTOWN, N.J. 07962-1945
(DELIVERY TO) 200 CAMPUS DRIVE, FLORHAM PARK, N.J. 07932-0950
(973) 966-6300

ATTORNEYS FOR Plaintiff Jacob's
Limousine Transportation, Inc.

|  |  |
|---|---|
|  | SUPERIOR COURT OF NEW JERSEY |
|  | LAW DIVISION |
|  | ESSEX COUNTY |
|  | DOCKET NO. ESX- 7321-09 |
| JACOB'S LIMOUSINE TRANSPORTATION, INC., : |  |
| : | Civil Action |
| Plaintiff, |  |
| : |  |
| v. | COMPLAINT |
| : |  |
| CITY OF NEWARK, CITY CLERK OF THE CITY OF NEWARK, in his official capacity, TAXICAB AND LIMOUSINE COMMISSION OF THE CITY OF NEWARK, TAXICAB DIVISION OF THE CITY OF NEWARK, and MANAGER OF THE CITY OF NEWARK, in his official capacity, and CITY CLERK OF THE CITY OF NEWARK, in his official capacity, : : : : |  |
| Defendants. |  |

Plaintiff Jacob's Limousine Transportation, Inc.
(JLT), a corporation of the State of New Jersey, with offices and
a place of business located at 422 South 12th Street, City of
Newark, County of Essex, State of New Jersey, by way of Complaint
against defendants City of Newark, City Clerk of the City of
Newark, in his official capacity, Taxicab and Limousine
Commission of the City of Newark, Taxicab Division of the City of
Newark, and Manager of the Taxicab Division of the City of
Newark, in his official capacity, says:

### FIRST COUNT

1.   Plaintiff Jacob's Limousine Transportation, Inc.
(JLT), is a corporation of the State of New Jersey, with offices
and a place of business located at 422 South 12th Street, City of
Newark, County of Essex, State of New Jersey.

2.   Defendant City of Newark ("City" or "Newark") is a
municipal corporation of the State of New Jersey, with offices
located at Newark City Hall, 920 Broad Street, City of Newark,
County of Essex, State of New Jersey, and is authorized and duty
bound to act under the ordinances and laws of the City of Newark,
under the Constitution and laws of the State of New Jersey, and
under the laws and Constitution of the United States of America.

3.   On information and belief, defendant City Clerk of the City of Newark ("City Clerk"), in his official capacity, is a duly appointed employee of the City of Newark, with offices located at Newark City Hall, 920 Broad Street, City of Newark, County of Essex, State of New Jersey, and is authorized and duty bound to act under the ordinances and laws of the City of Newark, under the Constitution and laws of the State of New Jersey, and under the laws and Constitution of the United States of America.

4.   On information and belief, defendant Taxicab and Limousine Commission of the City of Newark ("TLC" or "Commission") is a duly organized commission within the Police Department of the City of Newark, with offices located at Newark City Hall, 920 Broad Street, City of Newark, County of Essex, State of New Jersey, and is authorized and duty bound to act under the ordinances and laws of the City of Newark, under the Constitution and laws of the State of New Jersey, and under the laws and Constitution of the United States of America.

5.   On information and belief, defendant Taxicab Division of the City of Newark ("Division") is a duly organized division of and/or within the Police Department of the City of Newark, with offices located at Newark City Hall, 920 Broad Street, City of Newark, County of Essex, State of New Jersey, and

3

is authorized and duty bound to act under the ordinances and laws of the City of Newark, under the Constitution and laws of the State of New Jersey, and under the laws and Constitution of the United States of America.

6. On information and belief, defendant Manager of the Taxicab Division of the City of Newark, in his official capacity ("Manager") is a duly appointed employee and executive officer and/or official of the Taxicab Division and/or of the Commission, with offices located at Newark City Hall, 920 Broad Street, City of Newark, County of Essex, State of New Jersey, and is authorized and duty bound to act under the ordinances and laws of the City of Newark, under the Constitution and laws of the State of New Jersey, and under the laws and Constitution of the United States of America.

7. Section 34:2-1, "Autocabs, Limousines and Livery Service," of the Code of the City of Newark ("Newark Code"), sets forth the requirements for operating and licensing autocabs, limousines, and livery service on any of the streets or public highways in the City of Newark, and defines "autocab license" to mean "a license issued for the vehicle by the Commission to the owner(s) of the autocab."

4

8. Section 34:2-2, "Autocab License and Certificate of Compliance Required," provides in subsection a that "[n]o person shall operate or permit and autocab owned or controlled by him or her to be operated as an autocab on the streets of the City of Newark without first obtaining an autocab license and a driver's license from the Division; a certificate of compliance from the City Clerk; and livery plates from the New Jersey Division of Motor Vehicles (DMV) if: (1) His or her principal place of business is in the city of Newark; (2) His or her base is in the city of Newark; or (3) The majority of his or her autocab business is in the City of Newark.

9. Section 34:2-2(b) requires that "[e]ach person operating an autocab within the City of Newark shall be affiliated and/or associated with a base."

10. A "base," which is defined by Newark Code section 34:2-1 to mean a "place of business from which autocabs are dispatched," or an autocab's principal place of business, "can only be located in those districts permitted by local zoning ordinances and shall not be combined with any residential property and/or any other businesses…[and] all was shall be garaged and shall not be stored and/or parked on the streets of the City of Newark" under Newark Code section 34:2-3.

11. Newark Code section 34:2-5, "Insurance Required," sets forth the requirements for insurance in conjunction with the operation of an autocab or the issuance of an autocab license or Certificate of Compliance.

12. Newark Code section 34:2-5 prohibits the operation of an autocab or the issuance of any autocab license or Certificate of Compliance by the City Clerk until a complying insurance policy has been approved by Newark's Corporation Counsel, which names the City as an additional insured, and is filed with the City Clerk.

13. On information and belief, Newark's Code also requires that any business operating in Newark, including and auto, limousine, and/or livery service, obtain a general business license in order to conduct operations in the City of Newark.

14. Section 34:2-20, "Age of Vehicles; Removal From Service," provides in pertinent part: "When an autocab owner or operator first becomes licensed as an autocab in the City of Newark, his or her autocab shall not be more than forty-two (42) months of age. Any autocab licensed under this chapter shall be removed from service as an autocab when such vehicle shall have attained the age of seven (7) years."

6

15. Section 34:2-7, "Application Procedure; Information Required; Renewals," directs that an application for an autocab license shall be made by the owner, lessee, bailee or driver of the autocab and shall be filed with the Manager of the Division together with applicable fees.

16. Section 18 of the Municipal Land Use Law, N.J.S.A. 40:55D-1 et seq., ("MLUL"), N.J.S.A. 40:55D-18, provides that the governing body of the municipality shall enforce the provisions of the MLUL and any ordinance or regulations made and adopted under its authority, and N.J.S.A. 40:55D-18 further provides that the governing body of the municipality may take such action to restrain or prevent the occupancy of buildings, structures, or land occupied or used in violation of the MLUL, or prevent any illegal act, conduct, business, or use in or about such premises.

17. Plaintiff has obtained zoning permission and authority to operate an autocab, limousine and livery service in Newark based upon development approvals, in accordance with Newark Code section 34:2-3, through site plan approval and variance relief, granted to it by the Zoning Board of Adjustment of the City of Newark ("NZBA") on July 28, 2001, which development approvals were memorialized by written resolution of the NZBA dated July 19, 2001 ("Resolution").

7

18. Plaintiff's efforts to obtain autocab licenses and Certificates of Compliance to operate an autocab, limousine and livery service in Newark have been thwarted and rejected by the defendants City of Newark, City Clerk, in his official capacity, TLC, Taxicab Division, and the Manager of the Taxicab Division, in his official capacity, and through their respective employees.

19. Plaintiff's efforts to obtain autocab licenses and Certificates of Compliance to operate an autocab, limousine and livery service in Newark, as required under the Newark Code have been rejected notwithstanding its preparedness to comply with the terms and requirements of the Newark Code.

20. Notwithstanding plaintiff's zoning approval for operation of its base, notwithstanding plaintiff's efforts and preparedness to obtain the necessary licenses to operate in auto, limousine, and livery service in the City of Newark, defendants, including the City, City Clerk, in his official capacity, the TLC, the Division, and the Manager in his official capacity, and their respective employees, have allowed numerous other autocab, limousine, and livery services companies to operate in and on Newark's streets and highways without complying with, and in blatant violation of, the requirements of the Newark Code for the operation and licensing of autocab, limousine, and livery

9

services companies to operate in and on Newark's streets and highways.

21. On information and belief, defendants, including the City, City Clerk, in his official capacity, the TLC, the Division, and the Manager in his official capacity, have allowed numerous other autocab, limousine, and livery services companies to operate in and on Newark's streets and highways for years, and have either licensed such companies, or allowed them to operate without licenses, despite these other autocab, limousine, and livery services companies not having proper zoning approval and not having complied with the zoning laws as required for the operation and licensing of autocab, limousine, and livery services companies under the Newark Code.

22. On information and belief, defendants, including the City, City Clerk, in his official capacity, the TLC, the Division, and the Manager in his official capacity, have allowed numerous other autocab, limousine, and livery services companies to operate in and on Newark's streets and highways for years, and have either licensed such companies, or allowed them to operate without licenses, despite these other autocab, limousine, and livery services companies not having proper insurance and not having complied with the insurance requirements and laws as

9

required for the operation and licensing of autocab, limousine, and livery services companies under the Newark Code.

23. On information and belief, defendants, including the City, City Clerk, in his official capacity, the TLC, the Division, and the Manager in his official capacity, have allowed numerous other autocab, limousine, and livery services companies to operate in and on Newark's streets and highways for years, and have either licensed such companies, or allowed them to operate without business licenses, despite these other autocab, limousine, and livery services companies not having business licenses and not having complied with the business licensing requirements and laws as required for the operation and licensing businesses in Newark, including autocab, limousine, and livery services companies, under the Newark Code.

24. Plaintiff has a right, interest, property interest, and expectation that the laws and ordinances of the City of Newark will be applied and enforced by the defendants, including the City, City Clerk, in his official capacity, the TLC, the Division, and the Manager in his official capacity.

25. Plaintiff has a right, interest, property interest, and expectation that the laws and ordinances of the City of

10

Newark will be applied and enforced by the defendants, including the City, City Clerk, in his official capacity, the TLC, the Division, and the Manager in his official capacity, in an even-handed and non-discriminatory manner.

26. Plaintiff has a right, interest, property interest, and expectation that the laws and ordinances of the City of Newark will not be ignored or disregarded by the defendants, including the City, City Clerk, in his official capacity, the TLC, the Division, and the Manager in his official capacity.

27. Plaintiff has a right, interest, property interest, and expectation that it will, is, and would be able to compete in a fair, legal, economic environment, and in a fair, legal manner regulated through the application and enforcement of the laws and ordinances of the City of Newark.

28. Plaintiff has a right, interest, property interest, and expectation that it will be allowed to operate an autocab, limousine, and livery service business on the same terms and conditions as defendants have allowed and permitted other entities to operate similar businesses.

11

29. As a direct and proximate result of the actions and inactions of the defendants, including the City, City Clerk, in his official capacity, the TLC, the Division, and the Manager in his official capacity, and their respective employees, plaintiff has been harmed and suffered damages, and continues to be harmed and suffer damages, totaling in excess of forty million dollars, insofar as plaintiff has been discriminated against by the defendants and prevented from obtaining the necessary licenses to operate an autocab, limousine and livery service company on and in the streets and highways of the City of Newark, all the while its competitors and numerous other autocab, limousine, and livery service companies have been allowed and permitted to operate in and on the streets and highways of Newark with and under licenses and Certificates of Compliance issued by the defendants.

WHEREFORE, Plaintiff demands judgment in its favor and against defendants as follows:

1. Ordering each and all of the defendants, as the proper local authorities in the City of Newark, to issue cease and desist orders immediately to all non-complying autocab, limousine, and livery service companies operating in or on the streets of Newark;

12

2. Ordering each and all of the defendants, as the proper local authorities in the City of Newark, to revoke immediately any certificates of occupancy, whether temporary or permanent, as well as any licenses, permits, approvals, or any other Certificates of Compliance of operation for all autocab, limousine, and livery services operating in Newark not in compliance with the Newark Code;

3. For attorney's fees and costs of suit;

4. For such other relief as may be deemed just and equitable.

## SECOND COUNT

1. Plaintiff repeats the allegations contained in the First Count of the Complaint, as if set forth at length herein.

2. The defendants, including the City, City Clerk, in his official capacity, the TLC, the Division, and the Manager in his official capacity, have allowed numerous autocab, limousine, and livery service companies to operate and to continue to operate for months and in some cases years, in and on the streets and highways of the City of Newark, despite their knowledge that

13

such companies have not and were not complying with the requirements for such operations under the Newark Code.

3.   Upon learning of the actions and inactions of the defendants, including the City, City Clerk, in his official capacity, the TLC, the Division, and the Manager in his official capacity, to allow numerous autocab, limousine, and livery service companies to operate and to continue to operate for months and in some cases years, in and on the streets and highways of the City of Newark, despite their knowledge that such companies have not and were not complying with the requirements for such operations under the Newark Code, plaintiff, on or about June 26, 2008 timely filed Notices of Torts Claim Act with the defendants.

4.   The actions and inactions of the of the defendants, including the City, City Clerk, in his official capacity, the TLC, the Division, and the Manager in his official capacity, despite their knowledge, were taken deliberately, willfully, knowingly, and intentionally, and caused and have caused plaintiff to be treated differently from other persons or entities who sought auto, limousine, and livery service licenses and Certificates of Compliance in order to operate auto,

14

limousine, and livery service companies in and on the streets and highways of Newark.

5. The acts and inactions of the municipal defendants constitute violations of the rights, privileges, immunities, and of the procedural and substantive rights of due process and of equal protection, privileges, and immunities guaranteed plaintiff under the federal and state constitutions, the federal laws, the laws of New Jersey.

6. As a direct and proximate result of the actions and inactions of the defendants, including the City, City Clerk, in his official capacity, the TLC, the Division, and the Manager in his official capacity, plaintiff has been harmed and suffered damages, and continues to be harmed and suffer damages in excess of forty million dollars, insofar as it has been discriminated against by the defendants and prevented from obtaining the necessary licenses to operate an autocab, limousine and livery service company on and in the streets and highways of the City of Newark.

7. The actions and inactions of the defendants, including the City, City Clerk, in his official capacity, the TLC, the Division, and the Manager in his official capacity, have

caused and continue to cause the plaintiff serious and irreparable harm, have tortiously interfered with the plaintiff and its rights, interests, and economic and business status, and have deprived plaintiff of its rights and guarantees of procedural and substantive due process, equal protection, and privileges and immunities under the Constitution and laws of the United States of America, and under the Constitution and laws of the State of New Jersey.

WHEREFORE, Plaintiff demands judgment in its favor and against defendants as follows:

1. Ordering each and all of the defendants, as the proper local authorities in the city of Newark, to issue cease and desist orders immediately to all non-complying autocab, limousine, and livery service companies operating in or on the streets of Newark;

2. Ordering each and all of the defendants, as the proper local authorities in the City of Newark, to revoke immediately any certificates of occupancy, whether temporary or permanent, as well as any licenses, permits, approvals, or any other Certificates of Compliance of operation for all autocab,

16

limousine, and livery services operating in Newark not in compliance with the Newark Code;

3. Appointing a monitor to supervise and oversee the operations of the TLC, Division, and Manager for 12 months, and the operations under Newark Code section 34:2-1 et seq. of the City Clerk for 12 months;

4. Granting compensatory, consequential, and punitive damages to plaintiff;

5. For attorney's fees and costs of suit;

6. For such other relief as may be deemed just and equitable.

### THIRD COUNT

1. Plaintiff repeats the allegations contained in the First and Second Counts of the Complaint, as if set forth at length herein.

2. The actions and in actions of the defendants including the City, City Clerk, in his official capacity, the TLC, the Division, and the Manager in his official capacity, were

17

taken under color of state law, pursuant to established and articulated governmental policies and objectives, having resulted in harm to plaintiff.

3. As a direct and proximate result of these impermissible actions and inactions, the defendants's actions have had and continue to have the intended, foreseeable, and serious consequences of causing irreparable harm and damages to plaintiff and depriving plaintiff of its rights, privileges, and immunities guaranteed under the Constitution and laws of the United States, contrary to and in violation of 42 U.S.C. section 1983.

WHEREFORE, Plaintiff demands judgment in its favor and against defendants as follows:

1. Ordering each and all of the defendants, as the proper local authorities in the city of Newark, to issue cease and desist orders immediately to all non-complying autocab, limousine, and livery service companies operating in or on the streets of Newark;

2. Ordering each and all of the defendants, as the proper local authorities in the City of Newark, to revoke

immediately any certificates of occupancy, whether temporary or permanent, as well as any licenses, permits, approvals, or any other Certificates of Compliance of operation for all autocab, limousine, and livery services operating in Newark not in compliance with the Newark Code;

3. Appointing a monitor to supervise and oversee the operations of the TLC, Division, and Manager for 12 months, and the operations under Newark Code section 34:2-1 et seq. of the City Clerk for 12 months;

4. Granting compensatory, consequential, and punitive damages to plaintiff;

5. For attorney's fees pursuant to 42 U.S.C. section 1988;

6. For costs of suit;

7. For such other relief as may be deemed just and equitable.

## FOURTH COUNT

19

1. Plaintiff repeats the allegations contained in the First, Second, and Third Counts of the Complaint, as if set forth at length herein.

2. The actions and in actions of the defendants including the City, City Clerk, in his official capacity, the TLC, the Division, and the Manager in his official capacity, were taken in violation of the New Jersey Civil Rights Act, N.J.S.A. 10:6-1 et seq., and have deprived plaintiff of its rights and guarantees of procedural and substantive due process, equal protection, and privileges and immunities under the Constitution and laws of the United States of America, and under the Constitution and laws of the State of New Jersey.

WHEREFORE, Plaintiff demands judgment in its favor and against defendants as follows:

1. Ordering each and all of the defendants, as the proper local authorities in the City of Newark, to issue cease and desist orders immediately to all non-complying autocab, limousine, and livery service companies operating in or on the streets of Newark;

2. Ordering each and all of the defendants, as the proper local authorities in the City of Newark, to revoke immediately any certificates of occupancy, whether temporary or permanent, as well as any licenses, permits, approvals, or any other Certificates of Compliance of operation for all autocab, limousine, and livery services operating in Newark not in compliance with the Newark Code;

3. Appointing a monitor to supervise and oversee the operations of the TLC, Division, and Manager for 12 months, and the operations under Newark Code section 24:2-1 et seq. of the City Clerk for 12 months;

4. Granting compensatory, consequential, and punitive damages to plaintiff, under N.J.S.A. 10:6-2c;

5. Imposing a monetary civil penalty on defendants under N.J.S.A. 10:6-2e and 2c;

5. For attorney's fees pursuant to N.J.S.A. 10:6-2f;

6. For costs of suit;

7. For such other relief as may be deemed just and equitable.

21

DAY PITNEY LLP
Attorneys for Plaintiff
Jacob's Limousine
Transportation, Inc.

By: *Jeffrey Kantowitz*
       Jeffrey Kantowitz

DATED: September **8**, 2009

SEP 1 5 2009

## CERTIFICATION UNDER RULE 4:5-1

      Plaintiff, through its attorneys, hereby certifies that
the subject matter of this complaint is not the subject of any
other pending or contemplated litigation or arbitration
proceeding, except to the extent that certain of the information
upon which this complaint is based, is common to and has derived
from a pending action titled Jacob's Limousine Transportation,
Inc. v. City of Newark, et al., Docket No. ESX-L-1791-06, and
plaintiff further certifies that it is not aware of any other
party or parties who should be joined in this action, other than
the parties who participated in the actions alleged.

DAY PITNEY LLP
Attorneys for Plaintiff
Jacob's Limousine
Transportation, Inc.

By: *Jeffrey Kantowitz*
      Jeffrey Kantowitz

DATED: September $8$, 2009

## CERTIFICATION UNDER RULE 4:25-1

Plaintiff hereby designates Jeffrey Kantowitz, Esq., as trial counsel the captioned matter.

> DAY PITNEY LLP
> Attorneys for Plaintiff
> Jacob's Limousine
> Transportation, Inc.

By: _Jeffrey Kantowitz_
Jeffrey Kantowitz

DATED: September $8$, 2009

SEP 1 5 2009

[illegible stamp]

23

# CIVIL CASE INFORMATION STATEMENT

## (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under Rule 4:5-1
Pleading will be rejected for filing, under Rule 1:5-6(c),
if information above the black bar is not completed or
if attorney's signature is not affixed.

| FOR USE BY CLERK'S OFFICE ONLY | | | |
|---|---|---|---|
| PAYMENT TYPE: | CK | CG | CA |
| CHG/CK NO. | | | |
| AMOUNT: | | | |
| OVERPAYMENT | | | |
| BATCH NUMBER | | | |

| ATTORNEY/PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| Jeffrey Kantowitz, Esq. | ( 973 )   966-8108 | ESSEX |

| FIRM NAME (If applicable) | DOCKET NUMBER (When available) |
|---|---|
| DAY PITNEY LLP | |

| OFFICE ADDRESS | DOCUMENT TYPE |
|---|---|
| (Mail To) PO Box 1945, Morristown, NJ 07962-1945 (Delivery To) 200 Campus Drive, Florham Park, NJ 07932-0950 | COMPLAINT |
| | JURY DEMAND   ☐ YES  ☑ NO |

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
|---|---|
| JACOB'S LIMOUSINE TRANSPORTATION, INC. | JACOB'S LIMOUSINE TRANSPORTATION, INC. V. CITY OF NEWARK, ET AL. |

| CASE TYPE NUMBER (See reverse side for listing) | IS THIS A PROFESSIONAL MALPRACTICE CASE?  ☐ YES  ☑ NO |
|---|---|
| 005 | IF YOU HAVE CHECKED "YES" SEE N.J.S.A. 2A:53A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT |

| RELATED CASES PENDING?  ☐ YES  ☑ NO * | IF YES, LIST DOCKET NUMBERS |
|---|---|

| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)?  ☐ YES  ☑ NO | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY, IF KNOWN   ☐ NONE  ☑ UNKNOWN |
|---|---|

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?  ☑ YES  ☐ NO | IF YES, IS THAT RELATIONSHIP  ☐ EMPLOYER-EMPLOYEE  ☐ FAMILIAL  ☐ FRIEND/NEIGHBOR  ☐ BUSINESS  ☑ OTHER (explain) |
|---|---|

| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?  ☑ YES  ☐ NO |
|---|

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

* Case arises from some facts that are common to case titled Jacob's Limousine Transportation, Inc. v. City of Newark, et al., Docket No. ESX-L-1791-06, See R. 4:5-1 Certification to Complaint. Nature of causes of action calls for earlier judicial management.

SEP 1 5 2009

| DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?  ☐ YES  ☑ NO | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|
| WILL AN INTERPRETER BE NEEDED?  ☐ YES  ☑ NO | IF YES, FOR WHAT LANGUAGE |

ATTORNEY SIGNATURE

*Jeffrey Kantowitz*

Revised Effective 2/01/2006  CN10517

 **SIDE 2** 

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
### Use for initial pleadings (not motions) under *Rule* 4 5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I — 150 days' discovery**
- 151 NAME CHANGE
- 175 FORFEITURE
- 302 TENANCY
- 399 REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
- 502 BOOK ACCOUNT (debt collection matters only)
- 505 OTHER INSURANCE CLAIM (INCLUDING DECLARATORY JUDGMENT ACTIONS)
- 506 PIP COVERAGE
- 510 UM or UIM CLAIM
- 511 ACTION ON NEGOTIABLE INSTRUMENT
- 512 LEMON LAW
- 801 SUMMARY ACTION
- 802 OPEN PUBLIC RECORDS ACT (SUMMARY ACTION)
- 999 OTHER (Briefly describe nature of action)

**Track II — 300 days' discovery**
- 305 CONSTRUCTION
- 509 EMPLOYMENT (other than CEPA or LAD)
- 599 CONTRACT/COMMERCIAL TRANSACTION
- 603 AUTO NEGLIGENCE – PERSONAL INJURY
- 605 PERSONAL INJURY
- 610 AUTO NEGLIGENCE – PROPERTY DAMAGE
- 699 TORT – OTHER

**Track III — 450 days' discovery**
- 005 CIVIL RIGHTS
- 301 CONDEMNATION
- 602 ASSAULT AND BATTERY
- 604 MEDICAL MALPRACTICE
- 606 PRODUCT LIABILITY
- 607 PROFESSIONAL MALPRACTICE
- 608 TOXIC TORT
- 609 DEFAMATION
- 616 WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
- 617 INVERSE CONDEMNATION
- 618 LAW AGAINST DISCRIMINATION (LAD) CASES

**Track IV — Active Case Management by Individual Judge / 450 days' discovery**
- 156 ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
- 303 MT LAUREL
- 508 COMPLEX COMMERCIAL
- 513 COMPLEX CONSTRUCTION
- 514 INSURANCE FRAUD
- 701 ACTIONS IN LIEU OF PREROGATIVE WRITS

**Mass Tort (Track IV)**
- 241 TOBACCO
- 248 CIBA GEIGY
- 266 HORMONE REPLACEMENT THERAPY (HRT)
- 271 ACCUTANE
- 272 BEXTRA/CELEBREX
- 274 RISPERDAL/SEROQUEL/ZYPREXA
- 275 ORTHO EVRA
- 276 DEPO-PROVERA
- 277 MAHWAH TOXIC DUMP
- 278 ZOMETA/AREDIA
- 601 ASBESTOS
- 619 VIOXX

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics."

Please check off each applicable category

☐ Verbal Threshold          ☐ Putative Class Action          ☐ Title 59