UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JACOB'S LIMOUSINE TRANSP., INC., *Plaintiff*, v. CITY OF NEWARK, et al., *Defendants*. | Civil Action No. 09-6331 ORDER |

**THIS MATTER** comes before the Court on Plaintiff Jacob's Limousine Transportation, Inc.'s ("Plaintiff") objection to Magistrate Judge Leda D. Wettre's June 10, 2016, Report and Recommendation ("R&R") that Plaintiff's motion to enforce the settlement agreement be denied, Dkt. No. 157;

and it appearing that this action stems from Plaintiff's claim that Defendant City of Newark ("Newark") hindered its efforts to operate an autocab business in Newark by permitting other entities to do so without complying with municipal licensing and zoning ordinances, in violation of the U.S. Constitution, the New Jersey Constitution, 42 U.S.C. § 1983, and the New Jersey Civil Rights Act, N.J.S.A. 10:6-1, Compl, Dkt. No. 1;

and it appearing that, in November 2011, the parties entered into a settlement agreement ("Agreement") which provided, inter alia, that in exchange for dismissal of the lawsuit, Newark would pay Plaintiff $300,000, and that Newark "shall continue their vigilance, enforcement efforts and supervision of all autocab, limousine and livery services operating under the laws of New Jersey and the laws of the City of Newark, and they shall enforce diligently all such laws applicable to all autocab, limousine and livery services under their licensure," Kantowitz Cert. Ex. A at 2, 5, Dkt. No. 20-2;

1

and it appearing that the Agreement provided, "the federal court shall retain jurisdiction over this matter for six months following the entry of its Order memorializing and adopting the terms of this Agreement," Id. at 4;

and it appearing that, in an Order dated November 30, 2011, the Court dismissed the action without prejudice subject "to the right, upon good cause shown within 90 days, to make an application to the Court if the settlement is not consummated," and that "if the settlement is not consummated, the Court will entertain an application solely to enforce the terms of the settlement agreement," Dkt. No. 17;

and it appearing that Newark paid Plaintiff the $300,000 as per the settlement agreement;

and it appearing that, despite receiving payment, Plaintiff filed this motion in September 2012 to enforce the portion of the Agreement requiring Newark to "continue their vigilance, enforcement efforts and supervision of all cabs" based primarily on the theory that Newark granted autocab licenses to too many companies and permitted autocabs to operate in areas for which they were not zoned, see Pl.'s Br. at 4, 6-7, Dkt. No. 29-4;

and it appearing that this motion was referred to Judge Wettre, who permitted discovery, conducted a three-day evidentiary hearing, and issued this R&R;

and it appearing that the Court reviews de novo those portions of the R&R to which objection is made, and may accept, reject, or modify, in whole or in part, the findings or recommendations, see 28 U.S.C. § 636(b)(1)(C); accord FED. R. CIV. P. 72(b);

and it appearing that Judge Wettre properly analyzed Newark City Code § 34:2-3 (and related sections of the Code) and found that it does not require an autocab to have as many off-street parking places at its principal place of business in Newark as it has autocabs in its fleet, see R&R at 10-16;

and it appearing that Judge Wettre properly considered the evidence before her and found that Plaintiff failed to meet its burden of demonstrating that other autocab companies were issued business licenses without having obtained proper zoning approval or certificates of occupancy, and that, in fact, there was substantial evidence of compliance, see R&R at 16-21;

and it appearing that Judge Wettre properly found Plaintiff failed to demonstrate that other autocab companies violated the municipal code by parking or storing autocabs on the streets of Newark, see R&R at 21-22;

and it appearing that Judge Wettre properly construed the Municipal Code by concluding that it does not require all autocabs to be owned by the autocab companies as opposed to an affiliate of the company, see R&R at 22-23;

and it appearing that Judge Wettre properly found that there was insufficient evidence that plaintiff was delayed or denied any additional licenses for autocabs, see R&R at 24;

and it appearing that Judge Wettre properly evaluated the evidence and concluded that there was insufficient evidence that many vehicles in Newark were operating without proper licenses or registrations, see R&R at 24-26;

and it appearing that Judge Wettre properly found that even if Plaintiff could establish a breach of the settlement agreement, it has failed to demonstrate that it suffered any damages, and specifically any lost profit damages, particularly since it failed to produce any expert testimony and in any event, such damages would be speculative, see R&R at 26-30;

and it appearing that, in objecting to Judge Wettre's R&R, Plaintiff argues for improper construction of the Ordinances at issue, points to isolated and irrelevant evidence in the record (some of which pre-dates the Agreement), and ignores ample evidence that Judge Wettre relied on in reaching her factual conclusions;

and it further appearing that plaintiff failed to demonstrate that defendant breached the settlement agreement or that it suffered damage;

and having considered the objections filed and the response to the objections and for good cause shown;

**IT IS** on this 27th day of July, 2016,

**ORDERED** that the Court hereby **ADOPTS** the findings and recommendations contained in Judge Wettre's R&R, Dkt. No. 157; and it is

**ORDERED** that Plaintiff's motion to enforce the Settlement Agreement, Dkt. No. 29, is **DENIED**; and it is further

**ORDERED** that the case is closed.

*/s Madeline Cox Arleo*
**Hon. Madeline Cox Arleo**
**United States District Judge**